UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROY M. HUDNALL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CAUSE NO.: 1:11-CV-101 |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
|     Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Roy M. Hudnall brought this suit to contest a denial of disability benefits by Defendant Michael J. Astrue, Commissioner of Social Security. On January 9, 2012, after Hudnall had filed his opening brief, this Court entered an Order pursuant to a joint stipulation by the parties to reverse the Commissioner's denial of benefits and remand the case for further proceedings. (Docket # 23, 24.)

Hudnall has now filed a motion and supplemental motion to recover attorney fees in the amount of $3,651.60 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Docket # 26, 33; *see also* Docket # 37.) While the Commissioner concedes that Hudnall is entitled to attorney fees, it opposes Hudnall's request that the award be calculated at an adjusted hourly rate of $179, rather than the statutory rate of $125 per hour, and that it be paid directly to Hudnall's attorney, Joseph Shull. (Docket # 31.)

For the following reasons, Hudnall's motion for attorney fees will be GRANTED.

### A. Hudnall's Requested Hourly Rate of $179 Will Not Be Reduced

The EAJA "does not authorize an award of the prevailing hourly rate, as such, unless it is less than $125 an hour. For that matter it doesn't authorize an award of $125 per hour, or even $125 plus inflation." *Matthews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011) (citations omitted). "The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor." *Id.* (citations omitted); *see* 28 U.S.C. § 2412(d)(2)(A)(ii) ("[A]ttorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Scott v. Astrue*, No. 08 C 5882, 2012 WL 527523, at *5 (N.D. Ill. Feb. 16, 2012) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

"If [the party] points to inflation he must still show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases." *Matthews-Sheets*, 653 F.3d at 563; *accord Heichelbech v. Astrue*, No. 3:10-cv-65, 2011 WL 4452860, at *2 (S.D. Ind. Sept. 26, 2011). Therefore, "the lawyer seeking an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government." *Matthews-Sheets*, 653 F.3d at 563 (citations omitted).

"An inflation adjustment must . . . be justified by reference to the particular circumstances of the lawyer seeking the increase." *Id.* at 563-64. ("Suppose inflation had not affected the wages he pays his clerical employees, or had been offset by advances in law-office technology or

changes in the standards and procedures of the Social Security Administration that made it cheaper to litigate claims for disability benefits."). "[T]o demonstrate that inflation has had such an effect, [p]laintiff must 'show that without a cost of living increase . . ., a lawyer capable of competently handling the challenge that his client mounted to the denial of social security disability benefits could not be found in the relevant geographical area to handle such a case.'" *Heichelbech*, 2011 WL 4452860, at *2 (quoting *Matthews-Sheets*, 653 F.3d at 563); *accord Scott*, 2012 WL 527523, at *5.

Here, in support of his request for the enhanced hourly rate of $179, Attorney Shull produces the Affidavit of Steven Jackson, an experienced local attorney who practices in the area of health care law and is the current liaison to the Seventh Circuit Bar Association for members residing in the Northern District of Indiana. In the Affidavit, Jackson attests to Shull's "exceptional" accomplishments, qualifications, and experience in the area of Social Security disability law and opines that $300 per hour "is a fair and reasonable estimate of a non-contingent hourly rate for an attorney doing similar work" in federal court. (Jackson Aff. ¶¶ 2, 3, 8.)

Shull also filed his own Affidavit, representing that he has experienced increased expenses since 1996, most significantly in the wages that he pays to his employees. Shull elaborates that as far back as 1996 he has started his calculations for annual employee raises with the cost of living factor for the previous year. (Shull Aff. ¶ 3.) He also states that his "subscription to disability cases in the federal court, regulations, and so on" was about $200 in 2002 and is now $1,100. (Shull Aff. ¶ 4.) Shull then explains that he used the "All Urban" index to compute the cost of living increase for the fee request, explaining in detail how he calculates the increase in cost of

living from the information obtained from the Bureau of Labor Statistics.[1] *See, e.g.*, *Koschnitzke v. Barnhart*, 293 F. Supp. 2d 943, 953 (E.D. Wis. 2003) (stating that the Consumer Price Index is an acceptable source for calculating an increase in the cost of living, which should be calculated from 1996, when the maximum rate of $125 was set, to the date the work was performed).

Based on this information, the Court concludes that Shull has adequately justified his request for an enhanced hourly rate, and thus Hudnall's request for the award of attorney fees will be granted as calculated at $179 per hour.

### B. The Fee Award Will Be Payable to Attorney Shull, Subject First to Offset, If Any, for Hudnall's Pre-existing Federal Debt

Shull also requests that the Court order the fee award to be paid directly to him, rather than Hudnall, pursuant to an assignment executed by Hudnall in his favor on March 21, 2011. (*See* Mem. in Supp. Attach.)  The Commissioner, however, opposes Shull's request, contending that the fee award is payable to Hudnall as articulated in *Astrue v. Ratliff*, 130 S. Ct. 2521 (2010).

Indeed, in *Astrue*, the Supreme Court held that an EAJA award is payable to the litigant, not his attorney, and is subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States. *Id*.  Yet, the *Astrue* Court further suggested that where there is a valid assignment of the EAJA fees and no evidence of federal debt prior to the assignment, the payment of the fee award directly to the plaintiff's attorney may be appropriate. *Id*.; *see Mathews-Sheets*, 653 F.3d at 565-66 (noting that where the plaintiff executed a valid assignment and has no pre-

---

[1] Shull has consistently been using the "All Urban" index to compute the cost of living increase for his EAJA fees before this Court for at least five years. *See, e.g.*, Mem. in Supp. of Mot. for Award of Atty's Fees, *Gaskill v. Astrue*, No. 1:08-cv-308 (N.D. Ind. Mar. 1, 2010); Mem. in Supp. of Mot. for Award of Atty's Fees, *Gray v. Astrue*, No. 1:08-cv-167 (N.D. Ind. July 9, 2009); Mem. in Supp. of Mot. for Award of Atty's Fees, *Owsley v. Astrue*, 1:07-cv-73, 2008 WL 762479 (N.D. Ind. Mar. 19, 2008); Mem. in Supp. of Mot. for Award of Atty's Fees*, Grostefon v. Astrue*, 1:05-cv-135 (N.D. Ind. Mar. 21, 2007); Mem. in Supp. of Mot. for Award of Atty's Fees, *Brooks v. Barnhart*, No. 1:05-cv-377 (N.D. Ind. July 5, 2006).

existing federal debts, "to ignore the assignment and order the fee paid to [the plaintiff] would just create a potential collection problem for the lawyer"); *see also, e.g.*, *Fleming v. Astrue*, No. 10 C 3043, 2011 WL 4585240, at *3 (N.D. Ill. Sept. 27, 2011) (awarding EAJA fees directly to attorney where plaintiff had executed a valid assignment and there was no suggestion that she had any pre-litigation debts whose collection would be unfairly circumvented by the award to her attorney).

Here, the Commissioner explains that it will not be able to determine whether Hudnall has any pre-existing federal debts, or the amount of such debts, until *after* this Court grants the fee award. (Def.'s Resp. to Mot. for Att'y Fees Under the EAJA 4.)  Accordingly, the Court will afford the Commissioner thirty days after the entry of this Order to determine whether the United States is entitled to and will exercise a right of offset (and if so, the amount of the offset) against the award because of a preexisting debt owed by Hudnall to the Government.  The amount of the fee award remaining after offset, if any, shall then be paid and delivered to Shull pursuant to the assignment of record. *See Gonzalez v. Astrue*, No. 1:10-cv-899, 2012 WL 1633937, at *3 (S.D. Ind. May 9, 2012); *Simpson v. A[s]true*, No. 10-394-GPM, 2011 WL 4905720, at *2 (S.D. Ill. Oct. 14, 2011).

### *C. Conclusion*

For the foregoing reasons, Plaintiff's motion and supplemental motion (Docket # 26, 33; *see also* Docket # 37) for award of attorney's fees under the EAJA in the amount of $3,651.60 are GRANTED, except that the Commissioner is afforded until July 30, 2012, to determine whether the United States is entitled to and will exercise a right of offset (and if so, the amount of the offset) against the award because of a preexisting debt owed by Plaintiff to the Government.  The

amount of the fee award remaining after offset, if any, shall then be paid directly to Joseph Shull, Plaintiff's counsel.

    SO ORDERED.

    Enter for 28th day of June, 2012.

                                                S/ Roger B. Cosbey  
                                                Roger B. Cosbey,  
                                                United States Magistrate Judge